**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| ELBERT HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00255-TWP-KMB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>Order Dismissing Action for Lack of Jurisdiction</u>**

This matter is before the Court on Petitioner Elbert Howard's Motions for Court Assistance, (Dkts. 9,11). For the reasons explained below the motions are denied as moot and this action is dismissed for lack of jurisdiction.

Mr. Howard initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his pretrial detention in Indiana case number 40C01-2505-F6-000103. (Dkt. 1). The Court ordered Mr. Howard to show cause why his petition should not be dismissed without prejudice because he did not present any cognizable claims in a § 2241 petition, nor had he exhausted potentially cognizable claims. (Dkt. 5). Mr. Howard responded to the order by filing a motion for court assistance regarding a jail officer opening his mail, (Dkt. 9), and a motion for court assistance in which he asked if the Court could assist him with his ongoing criminal proceedings, (Dkt. 11). He also filed a brief in support of his petition for writ of habeas corpus, (Dkt. 12).

While the Court could have dismissed Mr. Howard's petition earlier for failure to present a cognizable claim, it dismisses it on another basis: lack of jurisdiction. The Court takes judicial notice that Mr. Howard pleaded guilty on February 12, 2026, and he was sentenced on March 16,

2026. *See* Case Summary, 40C01-2505-F6-000103, available at mycase.in.gov. A pretrial detainee's petition for a writ of habeas corpus pursuant to Section 2241 becomes moot when he becomes a convicted offender. *Jackson v. Clements*, 796 F.3d 841, 842-43 (7th Cir. 2015) (per curiam) (collecting cases). The case becomes moot because there is no longer a case or controversy for the Court to consider which deprives the Court of subject matter jurisdiction. *Id.* at 843 (citing *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003)). Therefore, Mr. Howard's petition is **dismissed** for lack of jurisdiction. This dismissal does not preclude Mr. Howard from filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 after he exhausts all claims in state court (both on direct appeal and through any relevant collateral proceedings).

As explained above, this action is **DISMISSED** for lack of jurisdiction. The Motions for Court Assistance, Dkts. [9] and [11], are **DENIED as moot**. Because the Court finds that jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over Mr. Howard's habeas petition, a certificate of appealability is **DENIED**. *See* 28 U.S.C. § 2253(c)(1).

Final judgment shall issue in a separate Order.

**SO ORDERED.**

Date: 5/1/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ELBERT HOWARD
P.O. Box 367
Vernon, IN 47282